IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DAMIEAN DEVON TOLSON, | ) |
| Plaintiff, | ) |
| VS. | ) No. 13-1073-JDT/egb |
| MICHAEL DONAHUE, et al., | ) |
| Defendants. | ) |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Damiean Devon Tolson, formerly an inmate at the Hardeman County Correctional Facility ("HCCF"), filed a pro se complaint pursuant to 42 U.S.C. § 1983 against HCCF Warden Michael Donahue, Assistant Warden of Operations Terrence Dickerson, Chief Bryan Smalls, Lieutenant Derek Cannon, and Corrections Corporation of America. On November 27, 2013, the court ordered service of process on Defendants Smalls and Cannon and dismissed the remaining defendants [DE# 8].

Defendants have filed a motion for summary judgment [DE# 50]. Plaintiff filed a response to the motion on January 7, 2015 [DE# 53].[1] For the reasons set forth below, Defendants' motion is GRANTED.

Summary judgment is appropriate "if the movant shows that there is no genuine issue

---

[1] On January 23, 2015, the court granted Plaintiff fourteen days in which to file an additional response [DE# 57], but Plaintiff failed to do so.

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Revised Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[2] or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

---

[2] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Fed. R. Civ. P. 56(e).

In Celotex Corp., the Supreme Court explained that Rule 56:

> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"

Id. at 252; see also Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some

3

metaphysical doubt as to the material facts." (footnote omitted)). However, the court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. Liberty Lobby, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

In his complaint, Plaintiff alleges that, on February 7, 2013, he was placed in segregation and assigned to a top bunk. Plaintiff further alleges that he explained to Defendants that he has medical restrictions that prohibit him from lifting and climbing due to an orthopaedic condition and presented them with documents verifying his restrictions. Defendants allegedly told Plaintiff that no other cells were available. The other inmate in Plaintiff's cell had medical restrictions also and was unable to trade bunks. According to Plaintiff, he attempted to mount his bed and sustained serious injuries requiring medical treatment.

## Claims Under § 1983

In their motion, Defendants contend that they are entitled to judgment as a matter of law on Plaintiff's § 1983 claims because he failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). Under the PLRA, an inmate seeking to maintain an action challenging prison conditions must first exhaust all available administrative remedies. 42 U.S.C. § 1997e (a). As the Sixth Circuit has explained:

> A natural reading of the statute suggests that its application requires consideration of three simple questions. First, is plaintiff "a prisoner confined in [a] jail, prison, or other correctional facility?" If not, the statute is

4

> inapplicable. If so, a second question must be considered: Is the plaintiff suing under § 1983 respecting "prison conditions?" If not, the statute is inapplicable. If so, a third question must be considered: Did plaintiff exhaust "such administrative remedies as [were] available" before plaintiff "brought" his action? If question three is answered in the negative, plaintiff is in violation of the statute and the court is required to dismiss plaintiff's suit.

Cox v. Mayer, 332 F.3d 422, 424 (6th Cir. 2003). The duty to exhaust administrative remedies before filing suit "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2003). Moreover, the PLRA requires proper exhaustion; accordingly, before initiating a lawsuit, the prisoner must comply "with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006).

Failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be proved by the defendant. Jones v. Bock, 549 U.S. 199, 212 (2007). Inmates are not required to plead or demonstrate exhaustion in their complaints. Id. Under Jones, the plaintiffs are not required to allege with specificity the facts relating to their grievances. See Shire v. Greiner, 2007 WL 840472, at *11 (S.D.N.Y.) (because defendants did not offer any proof that plaintiff failed to exhaust remedies, "they have failed to meet their evidentiary burden and cannot rely on the PLRA exhaustion requirement as a basis for the dismissal of any of [plaintiff's] claims").

A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims

before they reach federal court. Bell v. Konteh, 450 F.3d 651, 653 (6th Cir. 2006); Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001); accord Harbin-Bey v. Rutter, 420 F.3d 571, 581 (6th Cir. 2005); Burton v. Jones, 321 F.3d 569, 574-75 (6th Cir. 2003); Vandiver v. Martin, 2002 WL 31166925, at *2 (6th Cir.) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

To satisfy the exhaustion requirement, prisoners must complete the administrative review process in accordance with the applicable procedural rules defined by the prison grievance process. Jones, 549 US at 218. Compliance with the grievance procedure will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion. Id.

In the present case, Defendants have properly presented the affirmative defense of failure to exhaust administrative remedies under the PLRA. Defendants' statement of undisputed facts describes the administrative process for HCCF [DE# 50-1], which Plaintiff has not refuted. HCCF follows the Tennessee Department of Correction ("TDOC") Policy that allows inmates to submit a written complaint/grievance concerning the substance or application of a written or unwritten policy or practice, any single behavior or action toward an inmate by staff or other inmates, or any condition or incident within HCCF which personally affects the inmate. The policy requires an inmate to submit a grievance within seven calendar days of the occurrence giving rise to the grievance.

The grievance process provides three levels of review. Grievances are first reviewed

by a grievance chairperson who provides a response to the grievance. Within five days of being notified of the grievance chairperson's response, the inmate may appeal to the grievance committee and warden. Within five working days of the inmate's appeal, a hearing must be held by the grievance committee, which then issues a recommendation to the warden, who then renders a decision. The inmate may then appeal the decision of the warden and grievance committee within five days to the deputy commissioner of the TDOC. The decision of the deputy commissioner is final and not appealable.

Upon arrival at HCCF, each inmate is given an inmate handbook, which contains the grievance procedure. HCCF maintains records of all inmate grievances filed, and all inmate grievances are recorded in the Tennessee Offender Management Information System ("TOMIS"), a computerized database for the TDOC.

Defendants have presented the following evidence, which Plaintiff has not refuted. On February 7, 2013, Plaintiff filed a grievance against Defendant Small and Defendant Cannon. DE# 50-1, Stmt. Undisp. Facts ¶ 12. Plaintiff complained that Defendants gave him the top bunk after he provided them medical statements showing that he should not be assigned to a top bunk. Id. After reviewing the grievance, the grievance chairperson determined that Defendants made the best plan for Plaintiff at the time because there was a lack of bed space. Stmt. Undisp. Facts ¶ 13. When Plaintiff received the grievance chairperson's response, he appealed to the warden and grievance committee. Id. The warden concurred with the grievance chairperson's response. Id. Plaintiff did not appeal the warden's decision to the TDOC. Id. Plaintiff filed no other grievances dealing with the facts

alleged in the complaint. Stmt. Undisp. Facts ¶ 15.

Plaintiff's decision to not appeal to the TDOC Commissioner is noted on the front page of the grievances attached to the Declaration of Kristy Howell. On the form, following the warden's decision, the form asks "Do You Wish to Appeal this Response?" Plaintiff placed an "X" next to "No," and, thus, his grievance ended with that decision and was not appealed to the TDOC Commissioner. DE# 50-2, Howell Declaration, Ex. A. Because Plaintiff did not complete all potential appeals and did not exhaust his administrative remedies as required under the PLRA, his § 1983 claim is barred. Consequently, Defendants are entitled to summary judgment on this claim.

## State Law Claims

Plaintiff has also brought a claim for negligence under Tennessee law. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right," and a district court may decline to exercise that jurisdiction for a number of valid reasons. City of Chicago v. International College of Surgeons, 522 U.S. 156, 172–73 (1997) (citations and quotations omitted). Section 1367(c) of Title 28 provides that district courts may decline to exercise supplemental jurisdiction over related state claims if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for

declining jurisdiction.

28 U.S.C. § 1367(c).

In the present case, the court declines to exercise supplemental jurisdiction over the state law claim because the federal law claim has been dismissed.

Defendants' motion for summary judgment [[DE# 50] is GRANTED. The clerk is DIRECTED to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE